

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2008

# Polat v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Polat v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1386.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1386

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3891
_____

SAKIR POLAT,
                              Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A79-399-963
Immigration Judge:  Annie Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
on January 28, 2008

Before:  SCIRICA, Chief Judge, RENDELL, Circuit Judge,
and RODRIGUEZ, District Judge.

(Filed March 26, 2008)

_____

OPINION OF THE COURT
_____

_____

   *   Honorable Joseph H. Rodriguez, Senior Judge of the United States District Court
       for the District of New Jersey, sitting by designation.

RENDELL, Circuit Judge.

Sakir Polat ("Polat") petitions for review of the denial by the Board of Immigration appeals ("BIA") of his motion to reopen proceedings and remand to the Immigration Judge ("IJ") for further proceedings. Polat urges that his motion should have been granted because he presented newly-obtained evidence regarding deteriorated country conditions in Turkey that was not available at the time of his original hearing and is material to his claim.

Polat is a native of Turkey who arrived in Miami on May 1, 2001, without valid entry documents. In the airport interview, Polat stated that he was seeking asylum, had never been arrested, and came to the United States because he wanted to practice his religion. He stated that he had been persecuted in Turkey because he was a member of a religious party.

Later, in his credible fear interview, he indicated that Turkish law prohibits his religion and he was afraid that if returned to Turkey he would be arrested because the "police there arrest people for no reason." (J.A. 433) Asked if he had a fear of harm from anyone in the country, he replied that he could not get work because of his religion and would be arrested because he was a member of the Refah party. (J.A. 433)

Later, in his application for political asylum and withholding of removal, Polat stated for the first time that, in August of 1997, he had participated in a demonstration organized by the Fazilet party and had been arrested and taken to the police station.

2

There he was threatened by police not to protest against the Turkish government or he would be imprisoned. He stated that his brother paid a "ransom-bribe" to the police so as to obtain his release. (J.A. 420) Additionally, he recounted that, after participating in another demonstration organized by the Fazilet party in May 1999, he was arrested again and kept at a police station for four days, during which time he was threatened and beaten. Again, his family came to his aid by bribing the police, thereby allowing him to "escape" from jail. (J.A. 421)

At the hearing before the IJ, Polat presented testimony and documentary evidence regarding conditions in Turkey. He detailed his membership in the Fazilet party and the details of the demonstrations and arrests referred to in his application.

Polat testified that, after he "escaped" from jail, he received an arrest warrant from the Jandarma, the Turkish Military Police, in August 1999. He testified that it came in the mail to his apartment in Turkey. The government disputed the authenticity of the warrant and Polat's claim that he received it at his home in Turkey. (J.A. 232-37) The IJ also noted that the warrant was not addressed to Polat and referenced a civil court decision. (J.A. 270) Polat testified that, notwithstanding having received the arrest warrant in 1999, as he contended, he traveled extensively after that time, to Romania, Holland, and Spain, and needed an exit permit from the "exit police" every time he did travel.

The IJ found that Polat was not credible. She noted that Polat had testified that after he was arrested, he obtained a passport without any trouble and that thereafter, notwithstanding an arrest warrant, he had traveled so many times out of Turkey that he couldn't even remember all of his travels. (J.A. 121) The IJ found it significant that he had not remembered to mention the arrests in Turkey during his airport interview or his credible fear interview. (J.A. 122-23)

The BIA affirmed the IJ without opinion on May 3, 2004. Polat did not seek review of that decision before the Court of Appeals.

Polat's petition to reopen is based upon "new and previously unavailable evidence that is material," namely:

1.    A letter from his father stating that the Turkish police are still looking for him.

2.    A letter from his brother warning him not to come back because the police are still looking for him.

3.    A document purporting to be signed by the police commissioner regarding his prior arrests, stating that he will be "prosecuted and punished accordingly" if he returns to Turkey.

4.    The U.S. State Department Country Report for Turkey for the year 2004.

5.    An Amnesty International Turkey-Report 2005 and a Human Rights Watch article.

(J.A. 19-20; 25-82)

The BIA denied the motion to reopen as untimely because it was not filed within 90 days after the BIA's decision denying his appeal. In fact, the motion to reopen was not received by the BIA until April of 2006, nearly two years late.

We review the denial of a motion to reopen immigration proceedings for abuse of discretion. *See Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). The BIA's decision will not be disturbed unless it is arbitrary, irrational, or contrary to law. *Id*.

We have traditionally disfavored motions to reopen because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Zu Yong Yu v. Ashcroft*, 259 F.3d 127,131 (3d Cir. 2001) (quoting *INS v. Doherty,* 502 U.S. 314, 323 (1992)). We make exception to the 90-day bar for filing a motion to reopen only if there are changed country conditions as demonstrated by evidence that is material and could not have been discovered at the time of the proceedings. *See Filja v. Gonzales*, 447 F.3d 241, 253 (3d Cir. 2006).

The BIA concluded that the evidence proffered did not rehabilitate Polat's overall credibility and that, therefore, there was no basis to reopen the proceedings.[1]

We will not disturb the BIA's conclusion because the new evidence was not material to Polat's claim in that it did not address the primary reason for the previous ruling, namely, Polat's lack of credibility. The letters offered are merely cumulative of

---

[1]We note that the credibility determination, as such, is not at issue because Polat did not seek review of the BIA's dismissal of his appeal. The only matter before us is the propriety of the denial of reopening. *See Stone v. INS*, 524 U.S. 386, 406 (1995).

evidence already offered. Polat had offered a letter from his brother at the original hearing that was substantially the same. The evidence does not explain how and why Polat was permitted to travel in and out of Turkey without difficulty for two years after the warrant was issued. Further, all of this evidence, other than the new State Department Report and NGO reports, could have been obtained previously. As to these new reports specific to Turkey, they do not affect Polat's credibility as to his experiences.

For the foregoing reasons, we will DENY the Petition for Review.

_____